UNITED STATES DISTRICT COURT FOR
THE NORTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------
LORI CHAVEZ-DEREMER, Secretary of Labor    :
United States Department of Labor,
                                           :
                    Petitioner,                 Misc. Action No. 5:25-mc-10 (GTS/TWD)
          v.                               :

MELO ROOFING, INC.,                        :

                    Respondent.            :
-------------------------------------------------------------

**VERIFIED PETITION TO COMPEL RESPONDENT TO
PRODUCE DOCUMENTS PURSUANT TO
ADMINISTRATIVE SUBPOENA *DUCES TECUM***

Petitioner Lori Chavez-DeRemer, Secretary of Labor, U.S. Department of Labor ("the Secretary"), respectfully petitions this Court pursuant to section 8(b) of the Occupational Safety and Health Act of 1970 (the "OSH Act"), 29 U.S.C. § 658(b), to compel Respondent MELO ROOFING, INC. ("Respondent") to comply fully with the administrative subpoena *duces tecum* issued on April 2, 2025 ("the Subpoena"). Due to exigent circumstances, detailed below, the Secretary respectfully requests that this Court expedite review of this Petition via Order to Show Cause.

In support of this Petition, as set forth in the Memorandum of Law in Support of the Petition to Compel and declaration of Ashley Irwin, the Secretary avers as follows:

1.  Jurisdiction of this action is conferred upon the Court by section 8(b) of the OSH Act and 28 U.S.C. §§ 1331 and 1345.

2.  LORI CHAVEZ-DEREMER, the petitioner herein, is the Secretary of Labor, United States Department of Labor, and is an officer thereof having authority and responsibility for the enforcement and administration of the OSH Act, 29 U.S.C. § 651.

1

3. Respondent MELO ROOFING, INC. ("Respondent") is a corporation organized under the laws of the State of New York, having a principal place of business at 209 Factory Avenue, Syracuse, New York 13208, within the jurisdiction of this Court.

4. Section 8(a) of the OSH Act, 29 U.S.C. § 657(a), authorizes the Secretary to make inspections and investigations of establishments or areas where work is performed.

5. Further, section 8(b) of the OSH Act authorizes the United States District Court, upon petition by the Secretary, to issue an order requiring a person, who has failed to obey the Secretary's subpoena, to produce evidence relating to the matter under investigation or in question. A failure to obey such order may be punished by contempt.

6. On April 2, 2025, the Secretary, acting through the Syracuse Area Office of the Occupational Safety and Health Administration ("OSHA") commenced an inspection of Respondent for the purposes of determining whether conditions and hazards existed at a worksite located at 1138 Wadsworth Street, Syracuse, New York, 13208 ("the Worksite") after receiving a complaint about workers on a residential roof were working without fall protection. When OSHA arrived at the Worksite, OSHA observed workers on the roof without fall protection, working near insulated electrical lines, and improperly using material hoists to access the roof; such conditions appeared to violate applicable OSH Act standards. *See* Declaration of Ashley Irwin ("Irwin Decl.") ¶¶ 2-4. After the Respondent failed to provide OSHA with information that OSHA requested onsite, OSHA issued and served a Subpoena for documents. *Id.* ¶ 7.

7. The Subpoena which the Secretary seeks to enforce through the instant petition was issued specifically as part of the Secretary's investigation of working conditions at the Worksite. *Id.* ¶ 3. The Secretary is investigating, *inter alia*, worker exposure to hazards, the identity of the

employer, and Respondent's compliance with the terms of a prior settlement agreement with OSHA as relates to the Worksite. *Id.* ¶¶ 3-6.

8. On April 2, 2025, the Secretary, through the Area Director of the Syracuse Area Office of OSHA, issued an administrative subpoena *duces tecum* to Respondent. *Id.* ¶ 7.

9. The subpoena *duces tecum* issued on April 2 demanded the production of documents reflecting: (1) company name, owner name, and insurance coverage for the subcontractors at the subject worksite; (2) Melo Roofing's written site-specific safety plan and/or pre-hazard assessment done prior to starting work at the subject worksite, as required by the prior settlement agreement between Melo Roofing and OSHA; and (3) Melo Roofing's training provided to the subcontractor on how to create a written site-specific safety plan and/or pre-hazard assessment as required by that same settlement agreement. *Id.* ¶ 8; Ex. A-B.

10. The administrative subpoena *duces tecum* was duly served on Respondent by personal service to Patrick Rafkis, Worksite Supervisor, on April 2, 2025. *Id.* ¶ 11; Ex. A p. 2.

11. The subpoena *duces tecum* required Respondent to appear at the OSHA Syracuse Area Office on April 4, 2025, to produce the requested documents. *Id.* ¶ 10; Ex. A.

15. After Respondent failed to produce any of the documents requested in the subpoena *duces tecum* or otherwise respond, the Secretary, through the Compliance Safety and Health Officer of the Syracuse Area Office of OSHA emailed Respondent and Respondent's counsel on April 4 and again emailed Respondent on April 16 to request an update on the status of the requested documents. *Id.* ¶¶ 13-14; Exs. A, C, D.

16. Between May 22 to June 9, 2025, the Secretary's counsel attempted to communicate with Respondent's counsel on numerous occasions. The Secretary's counsel emailed and called Respondent's counsel to allow another opportunity to comply with the

subpoena. Respondent's counsel claimed, without explanation or support, that the request posed an undue burden and that it was overly broad. During a phone conversation on June 3, Respondent's counsel stated that he would produce some documentation by June 6, however, Respondent has been unresponsive ever since. *See* Declaration of Sayra A. Gordillo ("Gordillo Decl."); Exs. 1-3.

17. To date, Respondent has failed to comply whatsoever with the subpoena *duces tecum*. *See* Irwin Decl. ¶ 15; Gordillo Decl. ¶ 8; Ex. 3.

18. The Secretary is not in possession of any of the documents requested in the subpoena *duces tecum*. *Id.*

19. The documents sought by the Secretary in the Subpoena are for a legitimate investigatory purpose and are relevant to this ongoing investigation because they relate to Respondent's working conditions and safety practices that are the subject of the investigation. The documents sought are necessary to complete the investigation in that they can be reasonably expected to be used as evidence and/or to lead to evidence which would establish whether violations of the OSH Act have occurred, and if so, which parties committed the violations, how the violations should be classified under the OSH Act's citation scheme, and what amount of penalties may be appropriate.

20. The unreasonable refusal on the part of the Respondent to comply with the Subpoena constitutes disobedience and resistance to a lawful subpoena and an attempt to resist and thwart a lawful investigation by the Secretary.

21. The Secretary, pursuant to section 9(c) of the OSH Act, 29 U.S.C § 658(c), has six months following the occurrence of any violation to conclude its investigation and, if appropriate, issue any citations and notifications of penalty for any alleged violations of the Act and

occupational safety and health standards. In this case, the potential violations occurred on April 2, 2025, so OSHA must conclude its investigation and issue any citation and notification of penalty by no later than October 2, 2025. Given this relatively short statute of limitations under the OSH Act, time is of the essence, and it is necessary for the Secretary to proceed in this action by Order to Show Cause rather than by notice of motion in order to obtain expedited enforcement of the instant subpoenas.

22. As a result of said conduct by the Respondent, the Secretary has been hindered in the proper exercise of her lawful authority and responsibility to enforce and administer the OSH Act, has incurred expenses in connection with the prosecution of this matter, and has been damaged to the extent thereof.

23. The instant matter is not the subject of any other action pending in any court, or of any pending arbitration or administrative proceeding.

WHEREFORE, the Secretary respectfully requests that this Court: (1) issue an order compelling Respondent to fully and completely comply with the Secretary's subpoena *duces tecum* no later than seven (7) days from the date of entry of an Order; (2) order Respondent to cease its disobedience and resistance to the lawfully issued subpoena or suffer contempt; (3) order Respondent to reimburse the Secretary for the expenses incurred as a result of its conduct; and (4) order such other relief as may be necessary and appropriate.

DATED:   June 18, 2025         Respectfully submitted,
         New York, New York

                               JONATHAN L. SNARE
                               Acting Solicitor of Labor

                               JEFFREY S. ROGOFF
                               Regional Solicitor

5

By:     */s/ Sayra A. Gordillo*
        SAYRA A. GORDILLO
        Trial Attorney

        Attorneys for LORI CHAVEZ-DEREMER,
        Secretary of Labor, Petitioner
        U.S. Department of Labor
        201 Varick Street, Room 983
        New York, NY 10014
        Tel. 202-693-5526
        NY-SOL-ECF@dol.gov; gordillo.sayra.a@dol.gov

## **VERIFICATION**

I, JEFFREY PREBISH, being first duly sworn, verify under penalty of perjury, as prescribed in 28 U.S.C. § 1746, that I am an Area Director, United States Department of Labor, Occupational Safety and Health Administration, Syracuse Area Office, that I am a duly authorized representative of the Secretary of Labor of the United States, that I have read the foregoing Petition, that I am familiar with the facts therein alleged, and that the contents thereof are true and correct to the best of my knowledge and belief.

Executed on this 17th day of June 2025

_____
JEFFREY PREBISH, Area Director
Occupational Safety & Health Administration
Syracuse OSHA Area Office
3300 Vickery Road
North Syracuse, New York 13212