UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

LORI CHAVEZ-DEREMER, Secretary of Labor,
United States Department of Labor,

                Petitioner,

v.	5:25-MC-0010
   (GTS/ML)

MELO ROOFING, INC.,

                Respondent.
_____

APPEARANCES:	OF COUNSEL:

OFFICE OF THE SOLCITOR	ANDREW KARONIS, ESQ.
UNITED STATES DEPARTMENT OF LABOR	Senior Trial Attorney
  Counsel for Petitioner
Office of Regional Solicitor – New York Office
210 Varick Street, Room 983
New York, New York 10014

GALLI LAW, PLLC	ANTHONY C. GALLI, ESQ.
  Counsel for Respondent
6555 Ridings Road
Syracuse, New York 13206

GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court, in this administrative action filed by Secretary of Labor Lori Chavez-Deremer ("Petitioner") against Melo Roofing, Inc. ("Respondent") concerning the production of documents pursuant to an administrative subpoena *duces tecum* issued by the U.S. Department of Labor ("Subpoena"), is United States Magistrate Judge Thérèse Wiley Dancks' Report-Recommendation recommending that the Court grant Petitioner's motions to compel

1

compliance with the Subpoena and extend the six-month statutory deadline for Petitioner to issue citations pursuant to the doctrine of equitable tolling. (Dkt. Nos. 1, 11, and 12.) The parties have not filed an Objection to the Report-Recommendation, and the time in which to do so has expired. (*See generally* Docket Sheet.)

After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear error in the Report-Recommendation:[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons stated therein.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 12) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Petitioner's motions to compel compliance with the Subpoena and extend the six-month statutory deadline for Petitioner to issue citations pursuant to the doctrine of equitable tolling (Dkt. Nos. 1 and 11) are **GRANTED**; and it is further

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id*.; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that the six-month statutory deadline for Petitioner to issue citations in the investigation that prompted the Petition is equitably tolled from June 6, 2025, until Respondent has provided complete responses as set forth in this Report-Recommendation.

Dated: February 27, 2026
       Syracuse, New York

_____
Glenn T. Suddaby
U.S. District Judge